IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Corey Teague Newman, | ) | C/A No.  0:13-264-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Willie Bertha; Rhonda Mack; Karen Mack; | ) | |
| Cornell Shaw, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, David Corey Teague Newman ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Turbeville Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC employees as Defendants.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**BACKGROUND**

The Complaint states that Plaintiff was convicted of strong-armed robbery and assault with intent to kill in the Sumter County Court of General Sessions on April 7, 2011, and is serving a sentence of one to six years under the Youthful Offender Act ("YOA"). (ECF No. 1 at 3). Upon beginning his sentence at SCDC, Plaintiff learned that he would

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

PJG

have to serve ten months under the YOA guideline, making him parole eligible on February 15, 2012. (Id.) Plaintiff further learned that his YOA "max-out" date would be January 22, 2014. (Id.) Between June of 2011 and July of 2012, Plaintiff received disciplinary infractions which "pushed [Plaintiff's] release date to August 15, 2012." (Id. at 3-4.) In August, Defendant Willie Bertha informed Plaintiff that he would not go home because "Headquarters" felt Plaintiff was not yet ready for release. (Id. at 4.) Plaintiff spoke with Defendant Cornell Shaw about the possibility of release in November, however, no such release occurred. (Id. at 6.) Plaintiff then met with Defendant Karen Mack, who indicated Plaintiff might be released on December 14, 2012. (Id.) When Plaintiff was not placed on the "list to go home in December," he wrote Defendant Rhonda Mack and learned staff denied the release due to Plaintiff's lack of progress in the drug program. (Id.) However, Plaintiff claims that he completed the drug program on June 15, 2012, therefore, his drug program performance should not have impacted the December release date. (Id. at 6-7.) Plaintiff believes he has been held beyond his August 2012 release date, (id. at 2), due to the Defendants' failure to properly prepare and submit release packets and properly update computer records. (Id. at 6-7.) The Complaint alleges that the Defendants' failure to allow Plaintiff's timely release resulted in him missing his father's funeral. (Id. at 7.) Plaintiff's next possible release date is listed as February 2013 in the Complaint. (Id. at 5.) Plaintiff seeks immediate release and monetary damages. (Id. at 8.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915,

28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton</u>, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke</u>, 490 U.S. 319; <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>id.</u>; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' "  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

The instant Complaint seeks Plaintiff's immediate release from prison.  (ECF No. 1 at 8.)  However, such relief is not available under § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).  The Complaint also seeks monetary damages based on the defendants' alleged failure to release Plaintiff on August 15, 2012.  As discussed below, Plaintiff's claims for monetary damages are also subject to summary dismissal.

First, the Complaint indicates that Plaintiff is serving an indeterminate YOA sentence, with a "max-out" date of January 22, 2014.  (ECF No. 1 at 3); see S.C. Code Ann. § 24-19-50(3) (court may "sentence the youthful offender indefinitely to the custody of the department for treatment and supervision . . . [for a] period of custody not to exceed six years.").  While Plaintiff expected to be released on parole after serving approximately ten months, (ECF No. 1 at 3), Plaintiff has no constitutional right to release prior to the expiration of his sentence.  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (the Constitution does not create a protected liberty interest in the expectation of early release on parole).  Thus, Plaintiff fails to state a cognizable claim under § 1983 regarding his release date.

PJG

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case

be dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 18, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).